**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Case Number: 05-CR-0342 RCL |
| JESUS MURILLO LENIS, | : | |
| Defendant. | : | |

**MOTION FOR SEQUESTRATION ORDER
AND DISCLOSURE OF MOVEMENT TO DATE**

Comes now JESUS ANTONIO MURILLO-LENIS pursuant to *Fed.R.Evid* 615 and moves for a sequestration order. The defense requests the order direct that all witnesses for the government be kept physically separated pending trial. Said separation should include but not be limited to preventing these witnesses from being held together in the holding pen behind the courtroom until such time as they are actually being called to the witness stand.

Furthermore the defense requests that the witnesses be ordered not to discuss the case with one another, not to read any trial transcripts and not to talk with any witness who has already testified. The defense further asks that once a witness has testified, s/he be ordered not to relate his/her testimony or to discuss what occurred in the courtroom with **anyone.** The defense also asks that government trial counsel be instructed to advise his witnesses as to the purpose and effect of the Court's sequestration order.

In addition, Mr. MURILLO- LENIS requests an order directing the United States Marshal to release to the defense *Form 129* and any other information related to

the movement of any individuals who may testify on behalf of the government. Said request includes but is not limited to the dates and time spent in foreign detention facilities, federal facilities and contract facilities. The defense also seeks specific information related to the time and places spent in transport by the United States Marshal's Service or any other local or foreign law enforcement agency regarding these individuals. The relevant time period for said request is from CY 2005 to the present and continuing.

### *Argument*

It is believed that any detainee that the government may rely on to prove their case has been or will be housed together. The defense has a legitimate concern regarding collusion based on personal experience and investigative reports (Atch 1). Despite the narrowness of the text of *Fed.R.Evid* 615 it has been held that trial courts are free to broaden the scope of their orders beyond the courtroom exclusion (*See, United States v. Sepulveda*, 15 F.3d 1161 (1st Cir. 1993)(court may order that witnesses be kept physically apart, *inter alia*.).

In addition to the defendant's concern regarding collusion, he is equally troubled by the possibility of coached testimony. The defense recognizes that witness preparation can and probably will be conducted by government trial counsel and/or counsel for the witness. However, during the witnesses' testimony, there should be no coaching. Counsel will be on alert to make objections during direct examination, however, s/he may not see what takes place during lunch breaks and/or recess periods.

It is understood that some witnesses may have legitimate questions to present to their lawyers even while testifying (*e.g*. 5th Amendment concerns) Nevertheless, the defense seeks an instruction within the order directing that counsel will not have contact

with their clients while they are testifying, unless they first consult with the court. *See, Perry v. Leeke*, 109 S.Ct. 594, 102 L.Ed.2d 624 (1989)(court order may directing counsel not to consult with attorney during recess did not violate 6th Amendment right to counsel); *See also, United States v. Rhynes*, 218 F.3d 310, 317 (4th Cir. 2000)(collection of cases and authorities on issue of right to consult during testimony).

## *Prayer*

WHEREFORE, the defendant respectfully requests that the court issue an order granting the following relief.

1. That all witnesses for the government be kept physically separated pending trial. Said separation should include but not be limited to preventing these witnesses from being held together in the holding pen behind the courtroom until such time as they are actually being called to the witness stand.

2. That the witnesses be ordered not to discuss the case with one another, not to read any trial transcripts and not to talk with any witness who has already testified.

3. That once a witness has testified, s/he be ordered not to relate his/her testimony or to discuss what occurred in the courtroom with **anyone.**

4. That government trial counsel be instructed to advise his/her witnesses as to the purpose and effect of the Court's sequestration order.

5. That the United States Marshal release to the defense *Form 129* and any other information related to the movement of any individuals who may testify on behalf of the government. Said request includes but is not limited to the dates and time spent in foreign detention facilities, federal facilities and contract facilities.

6. That the government provide the defense with specific information related to the time and places spent by witnesses in transport by the United States Marshal's Service or any other local or foreign law enforcement agency. The relevant time period for said request is from CY 2005 to the present and continuing.

7. That the order state that defense counsel will not have contact with their clients while they are testifying, unless counsel first consults with the court.

### *Points and Authorities*

1. *Perry v. Leeke*, 109 S.Ct. 594, 102 L.Ed.2d 624 (1989)
2. *United States v. Sepulveda*, 15 F.3d 1161 (1st Cir. 1993
3. ***Brady v. Maryland,*** 373 US 83 (1963)
4. ***Fed. R. Evid. 615***
5. ***Fed. R. Crim. P 16(a)(1)(E)***

                                            Respectfully submitted,
                                            ANTHONY D. MARTIN, PC

By: _____
     Anthony D. Martin, 362-537
     BELLE POINT OFFICE PARK
     7841 Belle Point Drive
     Greenbelt, MD 20770
     (301) 220-3700; (301) 220-0791(fax)